UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN TURNBOW,
    Plaintiff                                              Civil Action No. 09-14989

v.

                                                  District Judge Avern Cohn
                                                  Magistrate Judge R. Steven Whalen

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Calvin Turnbow brings this action under 42 U.S.C. §405(g) challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. Both parties have filed summary judgment motions which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be DENIED and Plaintiff's motion GRANTED to the extent that the case is remanded for further administrative proceedings.

## PROCEDURAL HISTORY

On February 13, 2006, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging an onset date of January 1, 2002 (Tr. 42). After the initial denial of benefits, he made a timely request for an

administrative hearing, held before Administrative Law Judge ("ALJ") Anthony B. Roshak on May 20, 2008 (Tr. 158). Plaintiff, then represented by Lawrence Meyerson, testified, as did Vocational Expert ("VE") James Fuller (Tr. 161-177, 177-179). On November 21, 2008, ALJ Roshak determined that Plaintiff was not disabled (Tr. 24). On October 29, 2009, the Appeals Council denied review (Tr. 5-7). Plaintiff filed suit in this Court on December 23, 2009.

## BACKGROUND FACTS

Plaintiff, born December 8, 1956, was just short of his 52nd birthday when ALJ Roshak issued his decision (Tr. 42). He dropped out of school after 11th grade and worked previously in construction and as a warehouse/loading dock worker (Tr. 52, 57). He alleges disability due to disc herniations (Tr. 51).

### A. Plaintiff's Testimony

Plaintiff, left-handed, testified that he stood 5' 9" and weighed 299 pounds (Tr. 162). He stated that he lived in a two-family dwelling with his wife and two children (Tr. 163). He reported that on a typical day, he drove his wife and daughter to work and school respectively (Tr. 164). He noted that he did "very little" housework, spending most of the day watching television (Tr. 163). Plaintiff testified that he did not engage in hobbies, but went to church, grocery shopped, and visited friends and family regularly (Tr. 163). He reported that he went to movies "periodically" (Tr. 164).

Plaintiff admitted that he smoked a half pack of cigarettes each day, adding that his daily alcohol intake ranged from nothing to "a fifth of liquor" (Tr. 166). He estimated that he could sit for up to two hours, stand for 30 minutes, walk up to eight blocks, and lift up to 10 pounds (Tr. 166). He denied manipulative limitations but alleged difficulty bending, pushing, pulling, reaching, stooping, kneeling, climbing, crouching, and squatting (Tr. 166-169). He denied trouble remembering detailed instructions and maintaining attention but alleged trouble concentrating (Tr. 167). Plaintiff noted that he required corrective lenses but had not worn glasses in a couple of months (Tr. 168). He denied problems getting along with coworkers and supervisors while working (Tr. 169). Plaintiff admitted that although he continued to drive, he did not hold a valid driver's license (Tr. 169).

Plaintiff reported that he last worked in "January or December of 2004" (Tr. 170). He indicated that he stopped working because of both the "lack of work" and "problems . . . lifting things" (Tr. 170). He alleged that back pain and leg and hand numbness prevented him from performing any work (Tr. 170). He denied any medication side effects (Tr. 171).

In response to questioning by his attorney, Plaintiff reported that he experienced sleep apnea (which caused occasional sleep interruption) but did not receive treatment for the condition (Tr. 174). He testified that he experienced pain daily, but was "not in a lot of pain" during the hearing (Tr. 175). He noted that extended standing or walking exacerbated his pain, adding that he experienced leg numbness if standing for more than half an hour (Tr. 176).

### B. Medical Records

### 1. Treating Sources

In June, 2005, Plaintiff was advised to start physical therapy after complaining of low back pain (Tr. 120). The following month, therapy notes state that Plaintiff's mobility had improved (Tr. 117). August, 2005 social work notes state that Plaintiff was not currently attending therapy (Tr. 119).

In January, 2006, Plaintiff reported chest pains (Tr. 126). He admitted to emergency room staff that he had been drinking "about a fifth of liquor every day for the last four to five years" and smoked approximately five cigarettes each day (Tr. 126). He was deemed obese (Tr. 129). Imaging studies of the chest were unremarkable (Tr. 125). February, 2006 physical therapy notes state that Plaintiff experienced chronic low back and neck pain (Tr. 111). Plaintiff reported only limited participation in household chores and personal care activities (Tr. 111). He demonstrated a limited range of lumbar spine motion (Tr. 112). March, 2006 therapy notes show that Plaintiff was making "good progress to date" (Tr. 106). The same month, an MRI of the lumbosacral spine showed a disc herniation at L3-L4 "impinging on the exiting right L3 nerve root" (Tr. 123). A sleep study showed that Plaintiff experienced "severe" sleep apnea (Tr. 131). Plaintiff indicated that sleep apnea did not create work related problems (Tr. 138, 140). In December, 2007, an MRI of the lumbar spine showed bilateral neural foraminal narrowing but otherwise normal results[1] (Tr. 156).

---

[1] Handwritten treating notes created between December, 2006 and April, 2008 are illegible (Tr. 147-154).

**2. Non-Treating Sources**

In May, 2006, Anjam Sadiq, M.D. examined Plaintiff on behalf of the SSA (Tr. 143-146). Plaintiff, 5' 9" and 296 pounds, reported upper and lower back pain with "numbness, tingling and weakness" on the right (Tr. 143). He indicated that physical therapy had not been helpful (Tr. 143). He exhibited 5/5 muscle strength in the lower extremities with intact coordination (Tr. 144). Dr. Sadiq, noting a history of alcohol abuse, observed that Plaintiff did not require a cane (Tr. 144). Plaintiff demonstrated a limited range of lumbar spine motion (Tr. 145).

A June, 2006 non-examining Residual Functional Capacity Assessment performed on behalf of the SSA found that Plaintiff could perform 20 pounds on an occasional basis and 10 pounds on a frequent basis; sit, stand, or walk for six hours; and push and/or pull without limitation (Tr. 96). Plaintiff was deemed capable of climbing, balancing, stooping, kneeling, crouching, and crawling on an occasional basis (Tr. 97). The Assessment found the absence of manipulative, visual, or communicative limitations but noted that Plaintiff should avoid concentrated exposure to "hazards" such as heights or machinery (Tr. 99).

**C.     VE Testimony**

VE James Fuller classified Plaintiff's past relevant work as a construction laborer as semiskilled and exertionally heavy, and work as a warehouse worker as unskilled at the medium exertional level[2] (Tr. 178). The ALJ posed the following hypothetical question:

---

[2]20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; *light* work as "lifting no more than 20 pounds at a time with frequent lifting or

-5-

> Assuming for the purposes of our hypothetical, giving full credibility to the Claimant's testimony, considering his age, his education, and the exertional limitations that he's testified to and are included in the record. That is his limiting ability to sit, stand, walk, left, carry, push, or pull. Can he do any of his past work?

(Tr. 178).

The VE testified that although the individual would be unable to perform Plaintiff's past relevant work, he could perform the exertionally light work of an assembler (10,000 jobs in the southeastern Michigan region); packager (5,000); and sorter (2,000). The VE testified that if Plaintiff's alleged non-exertional limitations, i.e. "physical, mental, postural, manipulative, visual, environmental, and functional" limitations were credited, no work would be available because of the need to sleep during the day (Tr. 179). The VE concluded by stating that his testimony was not in conflict with the information found in *The Dictionary of Occupational Titles* (Tr. 179).

### D. The ALJ's Decision

ALJ Roshak found that although Plaintiff's conditions of "obesity, obstructive sleep apnea, degenerative disease of [the] lumbar spine, and alcohol abuse disorder" were severe impairments based on the Regulations in 20 C.F.R. § 404.1520(c), none of the conditions met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation 4

---

carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy* work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.

(Tr. 19-20).

The ALJ determined that although Plaintiff was unable to perform his past relevant work, he retained the following residual functional capacity ("RFC"):

> [T]o perform light work . . . subject to the following: (1) no lifting and/or carry of greater than ten pounds frequently or occasionally; (2) no sitting for longer than one to two hours at a time; (3) no standing for longer than 30 minutes at a time; and (4) no walking for farther than seven to eight blocks at a time.

(Tr. 20).

In support of his decision, the ALJ observed that none of Plaintiff's treating sources suggested that he was disabled (Tr. 21). He noted further that the medical record did not support allegations of hand numbness (Tr. 21). Adopting the VE's job numbers *supra*, the ALJ found that Plaintiff could perform the exertionally light work of an assembler, packager, and sorter (Tr. 23).

The ALJ discounted Plaintiff's credibility to the extent that disability allegations were inconsistent with the RFC (Tr. 22). He noted that Plaintiff did not use a walking aid, exhibited normal muscle strength, dressed himself, took care of his ailing father, and drove on a regular basis (Tr. 21). The ALJ observed that Plaintiff's claim that he was unable to afford treatment for sleep apnea was undermined by the fact that he spent money on liquor and cigarettes (Tr. 21). He found further that while Plaintiff experienced obesity and alcohol abuse, these conditions did not preclude gainful employment (Tr. 21).

## STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less that a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

## FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In

-8-

evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §416.920(a).  The plaintiff has the burden of proof as steps one through four, but the burden shifts to the Commissioner at step five  to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS

### A.  RFC

Plaintiff argues first that the ALJ erred by finding that he was capable of exertionally light work.  *Plaintiff's Brief* at 7-10.  He contends that his limited education, coupled with his inability to perform a number of the non-exertional requirements of light work, required the ALJ to find that he was capable of only sedentary work.  Citing Listing 201.09, he submits that because he was over 50 at the time of the decision, his inability to perform greater than sedentary work compels a disability finding.  *Id.* at 10.

The RFC describes an individual's residual abilities. *Howard v. Commissioner of Social Security,* 276 F.3d 235, 239 (6th Cir. 2002).  "RFC is to be an 'assessment of [Plaintiff's] remaining capacity for work' once her limitations have been taken into account." *Id.* (*citing* 20 C.F.R. § 416.945).  In determining a person's RFC, it is necessary to consider

-9-

(1) objective medical evidence as well as (2) subjective evidence of pain or disability. 20 C.F.R. § 404.1545(a)(RFC must be based on all relevant evidence).

In the present case, whether Plaintiff, 51 at the time of the hearing, can perform light work is critical since a finding that he could perform only sedentary work would generally direct a finding of disabled. "The 'grid,' Pt. 404, Subpt. P, App. 2, directs a finding of disabled if Plaintiff [closely approaching advanced age] has a residual functional capacity [] for only sedentary work, § 201.09, but not if his RFC is light. § 202.10." *Davis v. Secretary of Health and Human Services* 634 F.Supp. 174, 177 (E.D.Mich.,1986); *Scales v. Commissioner of Social Sec.*, 1996 WL 343533, *2 (6th Cir. 1996).

> SSR 83-10 sets forth the differences between light and sedentary work:
>
> [Light work involves] no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work . . . . Relatively few unskilled light jobs are performed in a seated position. . . . [T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.

1983 WL 31251, *5-6.

The ALJ's RFC is restated as follows:

> [T]o perform light work . . . subject to the following: (1) no lifting and/or carry of greater than ten pounds frequently or occasionally; (2) no sitting for longer than one to two hours at a time; (3) no standing for longer than 30 minutes at a time; and (4) no walking for farther than seven to eight blocks at a time.

(Tr. 20).

-10-

Pursuant to SSR 83-10, the RFC limiting to Plaintiff to the lifting of 10 pounds on a frequent basis (but precluding the lifting of 20 pounds occasionally as generally required by light work) would not rule out all light jobs. However, the weight restrictions, coupled with "no standing for longer than 30 minutes at a time[] and . . . no walking for farther than seven to eight blocks at a time" would appear to preclude most light work.

Moreover, the June, 2006 Residual Functional Capacity Assessment finding that Plaintiff was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 97) is nowhere to be found in the RFC despite the fact that these findings were uncontradicted by other record evidence.[3] As such, the ALJ's statement that "[n]o physician of record has suggested . . . has greater work-related limitations than reflected in the . . . RFC" is incorrect (Tr. 21). As a result, the ALJ fails to cite any medical records supporting a lesser degree of limitation than those found in the June, 2006 Assessment.

### B. The Hypothetical Question

The RFC deficiencies are accompanied by other errors. I agree with Plaintiff's argument that the VE's job findings are tainted by their reliance on the ALJ's "vague" hypothetical question. *Plaintiff's Brief* at 10-12. Despite the fact that the ALJ directed the VE to credit Plaintiff's testimony, Plaintiff notes that the VE's job findings do not reflect all of his stated limitations. *Id.* at 11-12. Consistent with the Section **A.** analysis, the hypothetical question failed to address his non-exertional limitations.

---

[3]Further, the non-examining medical source found that Plaintiff's allegations of limitation "credible" (Tr. 100).

-11-

The unconventional hypothetical "question" merely asked the VE to credit all of Plaintiff's allegations of exertional limitations, i.e., lifting, carrying, sitting, standing, walking, pushing, and pulling to which the VE responded that Plaintiff could perform the work of an assembler, packager, or sorter (Tr. 178). However, it is unclear why while the ALJ adopted the claimed exertional limitations in full, he refused to include even one of Plaintiff alleged non-exertional limitations in the hypothetical question. As discussed above, the conclusion that Plaintiff did not experience any degree of non-exertional limitation, is without record support. To the contrary, the record contains imaging studies showing lumbosacral disc herniation (Tr. 123), significant range of motion limitations (Tr. 145), and the June, 2006 finding of non-exertional impairments. Because the hypothetical question did not address uncontested non-exertional impairments, remand is appropriate on this basis. *See Varley v. Secretary of Health & Human Services,* 820 F.2d 777, 779 (6th Cir. 1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays plaintiff's individual physical and mental impairments")(internal citations omitted).

### C. Treating Records

Finally, Plaintiff faults the ALJ for omitting direct mention of the records of treating physician Anthony Harris. *Plaintiff's Brief* at 13-14 (*citing* Tr. 147-155). Admitting that the notes are "largely illegible," Plaintiff argues that the ALJ was nonetheless obliged to re-contact Dr. Harris before rendering a decision. *Id.* at 13 (citing 20 C.F.R. §416.912(e)(1)). Citing *Wilson v. Commissioner of Social Security, 378* F.3d 541, 544 (6th Cir. 2004),

Plaintiff contends that as such, Dr. Harris's opinion was "not only stripped of controlling weight, but were in fact stripped of *all* weight." *Plaintiff's Brief* at 14 (emphasis in original).

Indeed, the records by Dr. Harris are "largely illegible." Section 416.912(e) states that when the evidence received from a treating source is inadequate to determine disability (1) the agency will recontact the source for "additional evidence or clarification." *Id.* The ALJ has a "duty to clarify" when presented with incomprehensible records. *Williams v. Astrue*, 2010 WL 431432, *7 (C.D. Cal.2010)(*citing Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001)); *see also Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2nd Cir.1975)("Where the medical records are crucial to the claimant's claim, illegibility of important evidentiary material has been held to warrant a remand for further clarification and supplementation"). Moreover, Plaintiff is correct that treating physician opinions, if uncontradicted are entitled to controlling weight. *Wilson,* 378 F.3d at 544. I agree with Plaintiff's contention that the failure to interpret the records amounts to giving "no weight" to the treating physician's findings. The fact that Plaintiff received treatment from Dr. Harris from the age of 18 forward makes the need for clarification of the records particularly great (Tr. 171).

In closing, the Court must determine whether Plaintiff is entitled to a remand for further fact-finding or an award of benefits. Plaintiff's proof of disability is far from "overwhelming" and his health problems appear to be exacerbated by the self-induced conditions of alcohol abuse, tobacco use, and obesity. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir.1994). Procedural errors and the neglect of

critical evidence do not automatically entitle Plaintiff to an award of benefits. Accordingly the case should be remanded for (1) A request for clarification of Dr. Harris's records (2) A hypothetical question to the VE including Plaintiff's non-exertional impairments (3) An RFC reflecting the same non-exertional impairments.

## CONCLUSION

For the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be DENIED, and Plaintiff's Motion for Summary Judgment GRANTED, remanding this case for further administrative proceedings.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                       s/R. Steven Whalen
                                                       R.  STEVEN WHALEN
                                                       UNITED STATES MAGISTRATE JUDGE

Dated:  April 26, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 26, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 26, 2011: **None.**

                                                       s/Michael E. Lang
                                                       Deputy Clerk to
                                                       Magistrate Judge R. Steven Whalen
                                                       (313) 234-5217